ENTERED DEC 0 9 2014

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-145
PAF-XOR-12-08-14

JOHN BRIGHAM, et al.,

     Plaintiffs

v.

     **ORDER**

JEAN M. HARDY, et al.,

     Defendants

John Brigham and other owners of real estate abutting Littlebrook Lane in Eliot brought suit against Jean M. Hardy, Sweet Peas, LLC, and the Town of Eliot seeking a declaratory judgment that Ms. Hardy and Sweet Peas must maintain Littlebrook Lane and improve it to fully meet all town road standards. The complaint also sought an order requiring the Town to take all necessary enforcement measures.

This dispute requires the interpretation of a 1977 referee's report from then retired Maine Supreme Judicial Court Justice Donald Webber in York County Superior Court case CV-75-380, *Brigham v. Krzeminski*. That report, which effectuated a settlement, was approved by then Justice Lincoln Spencer.

The settlement and dispute in 1977 involved John Hardy, who later married the current defendant Jean Hardy. The defendant Sweet Peas was not in existence at that time. Mr. Hardy later conveyed his interest to himself and his wife as joint tenants. After his death title was conveyed to Sweet Peas.

The Inhabitants of the Town of Eliot had filed a motion to dismiss. The plaintiffs have voluntarily dismissed their claims against the Town. Defendants Hardy and Sweet Peas have filed a motion for judgment on the pleadings, which has been brief and argued.

The key paragraph in the 1977 report and judgment is paragraph 7, which states, "Hardy shall maintain the roadway in good condition until such time as the roadway is conveyed to the Town of Eliot. Maintenance includes plowing at no expense to the other parties." Mr. Hardy is now long deceased and the roadway has not yet been conveyed to the Town. The question is whether the obligations in paragraph 7 were personal to Mr. Hardy, or also bind his successors. Any suit against Mr. Hardy personally is now far too late.

The 1977 order does not directly bind Ms. Hardy or Sweet Peas as neither of them were parties to that case. Paragraph 7 refers only to John Hardy and makes no direct mention of Jean Hardy or Sweet Peas, or no indirect reference to them as heirs, successors or assigns.

There are also a number of deeds from Mr. Hardy, which use the language of paragraph 7. Those deeds bound Mr. Hardy, and sometimes Nancy Hardy and Littlebrook Air Park as grantors. Neither Jean Hardy nor Sweet Peas signed any of the deeds as grantors. Nothing in the deeds refers to binding the heirs, successors or assigns of the grantors. The deed language indicates that a granted right of way should "run with the land," but no such language accompanies the road maintenance and improvement provisions.

The original parties could not have intended that 37 years later the road would still be a private road. Presumably Mr. Hardy was to maintain the road for a relatively brief period, he was to make the necessary improvements and the road was to become a

2

town road. He may have breached, or at least deferred, those obligations. A suit to force compliance had to be brought against him. It is now to late to do so.

The entries are:

The Inhabitants of the Town of Eliot's Motion to Dismiss is dismissed as moot. The complaint against the Inhabitants of the Town of Eliot is dismissed without prejudice and without costs.

The joint motion of defendants Jean Hardy and Sweet Peas, LLC for judgment on the pleadings is granted. Judgment for the defendants Jean Hardy and Sweet Peas, LLC, without costs or attorney's fees.

Dated:    December 8, 2014

Paul A. Fritzsche
Justice, Superior Court

CV-14-145

ATTORNEY FOR PLAINTIFFS:
JAMES NADEAU
NADEAU PROFESSIONAL OFFICES
507 STATE STREET
PORTSMOTH NH 03801


ATTORNEYS FOR DEFENDANTS:
GENE LIBBY
TYLER SMITH
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND ROAD UNIT 17
KENNEBUNK ME 04043